hON MOTION FOR SECOND REHEARING GRANTED
This matter comes before this Court on the motion of The Time-Picayune Publishing Corporation, et al., for leave to file a second application for rehearing pursuant to Uniform Rule Courts of appeal 2-18.6. Because this case is not just a case affecting the interest of private litigants, but one concerning the interests of the general public, this Court finds that The Times-Picayune’s request for a second rehearing is one of those rare instances where further clarification of the opinion of this Court as expressed originally and on rehearing is warranted.
It has consistently been the position of this Court that the exception for Orleans Parish created by LSA-R.S. 43:141 A is limited in its effect to Part I of Chapter 4 Title 43. As an exception it is to be strictly construed. Therefore, where LSA-R.S. 33:3303, 3333, 3522 and 3523 call for publication in a “newspaper”, this requirement is not overridden by LSA-R.S. 43:141 A. Similarly, where LSA-R.S. 18:1292, 33:108, and 39:1426 call for publication in a “newspaper of general circulation,” that requirement is not affected by LSA-LSA-R.S. 43:141:141 A. The same is also true of 33:4109 and 33:4114 which refer to “daily newspaper.”[1] The Times-Picayune also cited LSA-R.S. 38:212, but this Court can Lfind no reference to newspapers in that statute. Assuming that this is a mere typographical error, and further assuming that the statute was intended to be cited is analogous to those already discussed, we would read it the same way.
Finally, we find that there is no reason why the ordinary rules of statutory construction should not apply to the definition of the word “newspaper” and that it should be given its ordinary meaning as commonly understood and as would be expected in statutes regarding matters of notice to the general public.
*387 The Times-Picayune suggests that the definition found in LSA-R.S. 43:140(3) should be adopted. This Court finds that some of the requirements of LSA-R.S. 43:140(3) are too restrictive (such as the five year publication history)for a general definition of “newspaper,” but that subpar-agraphs (a) and (b) of LSA-R.S. 43:140(3) present reasonable guidelines for what the legislature might mean by the term “newspaper” when legislating in the area of public notice.
As clarified herein, the original opinion of this Court as clarified in the first rehearing is affirmed in all respects.

. Actually LSA-R.S. 33:4114 refers to “two daily newspapers.” As this does.not appear to be possible currently in Orleans Parish, one daily and one weekly would probably suffice. However, we do not rule specifically on that question at this time.